

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
( FOLEY SQUARE)

TY GEAS,
MOVANT,

v.

UNITED STAES OF AMERICA,
RESPONDANT.

Case No. 1:09-cr-01239-PKC - 10

MOTION FOR CLARIFICATION
OF SENTENCE PURSUANT TO TITLE
18 U.S.C. 3582(c)(2)

COMES NOW TY GEAS, in the status of pro se, moving this Honorable Court for Clarification of Sentence pursuant to 18 U.S.C. 3582(c)(2), as well as Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed. 2d 652 (1972), Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197,167 L. Ed. 2d 1081 (2007), and all applicable and legal authorities. Movant request that due to his pro se status that this Honorable Court apply the above Supreme Court precedence and review his claims under a less strigent standard than those drafted by an attorney, and construe his claim liberally to include all reasonable inferences that can be drawn from said claims and arguments.

PROCEDURAL HISTORY

Movant, asserts that this Honorable Court is familiar with the

procedural history of instant matter and would ask that same be applied and/or reffered to for facts and related information not cited herein as it relates to his Motion for Clarification of Sentence.

## ARGUMENTS AND AUTHORITIES

Movant was indicted on a multi count matter and was found guilty by a jury on all 5 counts and was sentence to life imprisonment on counts 1,2, 4 and 5 and 20 years on count 6, all to be ran concurrently to one another.(See Judgement, Doc. # 224 at page 3, Filed on 09/13/11). From the above referenced 5 counts, the court went on and imposed a special assessement fee for $100 for each of the 5 listed counts for a total of $500. Which in turn under both the United States Constitution and U.S. Supreme Court precedence are in violation of movant's rights to "double jeopardy" as a result the current sentence and judgement must be vacated/ set aside in order to comply with the U.S. Constitution and the rights of movant and the precedence set forth by the Supreme Court. Under the equal protection, due process and double jepeordy clauses under the constitution movant is now sentenced under an illegally imposed sentence that also runs contrary to Rutledge v. United States, 517 U.S. 192 (1992)(where the Court found; "congress has not authorized judges to mete out multiple punishments in the form of special assessments).

In the instant matter, from the record, docket sheet which is the Court's journal and speaks for the Court, as well as the aforemention judgement order, the payment history by movant, there is undeniable proof that multiple punishments were handed out in instant matter and contrary to the ruling in the Rutledge Court. Id. As with the special assessment fee totaling $500, that being a $100 for each count along with the imposed sentece of life it is inherent that this Court exercise it's authority and vacate the sentence and judgement in this matter and schedule a hearing as soon as possiable as movant's liberty is at stake and the sentence imposed is in violation of the UNITED STATES CONSTITUTION in its entirety.

2

Moreover, the Supreme Court has stated in U.S. v. Whalen, 445 US 683 at 693, 63 L. Ed. 2d 715(1980), "When this fedral court exceeded its own authority at sentencing by imposing punishment <u>not</u> authorized by Congress it <u>violated</u> not only the specific gurantees against double jepardy, but also the constitutional principle of "seperation of powers" in a manner that trenches particularly harshly against Movant's individual liberty."

Due to the fact that many circuits have clearly stated that " multiple statutory special assessments constitute multiple punishments within the meaning of double jeopardy clause", does also mean that the court committed plain error and its failure to notice it and remedy it would result in a miscarriage of justice. (citing Rutledge).

The effects of the above mentioned do render the entire sentence (i.e judgement) void ab initio. These principles are grounded in the fact that subject matter jurisdiction, is a question of judicial powers, and for a court to act "when it has no jurisdiction to do so...is... for a court to act ultra vires". Ruhgras v. Marathon Oil Co., 526 US at 583(1999)(citing Steele Co. 523 US at 101-02). The Fourth Circuit stated in U.S. v. Hartwell, 448 F. 3d. 707 (4th Cir. 2005)( a conviction and sentence entered without subject matter jurisdiction is "VOID" and a criminal defendant need not show that the jurisdictional defect in his conviction is eregious but only it exists). A judgement obtained through fraud or one that is void ab initio is a legal nullity and there can be no expectation of finanilty of an illegal sentence or sentence imposed in an illegal manner. U.S. v. Rico, 902 F. 2d at 1069(2nd 1990)(citing DiFranciso 449 US at 133-34(1980).

A void sentence may not legitimately be increased, decreased, maintained, if the original sentence was ultra vires and therefore void ab initio, the lack of subject matter jurisdiction cannot be forfeited or waived. Hartwell, 448 F.3d. 707. See also In re Bonner 151 US at 255-56(1894) (there is no finality in a void judgement entered in fraud. Jurisdiction should resume by the court that imposed the sentence, in order that the defect may be corrected, but until it has corrected it, the judgement is void).

3

The record and facts are clear and straight forward as it relates to the instant matter, that since Congress had not authorized courts to mete out cumulative punishments in the form of consecutive special assessments. See Rutledge, 517 US 292(1992) and U.S. v. Ogba, 526 F.3d. at 237-8[18-19](5th Cir. 2008). The district court did enter the judgement ( i.e. sentence) ultra vires. Further stated the final judgement in a criminal case means the sentence. See Berman v. U.S.,302 at 212(1937).

In light of all the aforemention, Movant is entitled to have instant sentence vacated and matter remanded back to the district court in order to correct this plain error and miscarriage of justice. In the event that the government attempt to disuade this court with any kind of reasoning and logic, it is imperative that this court act in compliance with the constitution and remand for further proceedings in accordance with the laws and authorities set herein. As a matter of fact and law that noone can dispute is that," Double Jeopardy is a jurisdictional defect that can never be waived, consented to, judicially decreed or overcome by agreement. See Harris v. U.S., 149 F.3d. 1308(11th Cir. 1998); citing U.S. v Griffin, 303 US at 229 (1938).

## CONCLUSION

MOVANT GEAS, prayerfully request that this Honorable Court vacate the current illegal sentence imposed upon him in violation of the U.S. Constitution and underlying Amendments attached thereto and violated by way of said sentence and remand matter back to the district court for hearing on same. As well as appoint counsel to assist in the complex issues relating to same.

Respectfully, _[signature]_
TY GEAS
Reg. No.05245-748
USP MCCREARY
P.O. BOX 3000
PINE KNOT,KY. 42635

On the 16 th day of July ,2020.

FILED UNDER TITLE
( 28 U.S.C. 1746)

## CERTIFICATE OF SERVICE

I, Ty Geas, do hereby certify that I served a true and accurate copy of instant motion for CLARIFICATION OF SENTENCE, Pursuant to 18 U.S.C.3582 (c)(2), by U.S. Postal Service, first class prepaid postage via the institution mailroom (Legal Mail), to the Clerk of the Court for the United State District Court for the Southern District of New York (Foley Square), located at DANIEL PATRICK MOYNIHAN, UNITED STATES COURTHOUSE, 500 PEARL STREET, NEW YORK, NY. 10007. As well as the United States Government Attorney, located at, U.S. Attorney's Office, SDNY(St. Andrews) One St. Andrew's Plaza, New York, Ny. 10007, on the 16th day of July, 2020.

Respectfully, Ty Geas

TY GEAS
Reg. No. 05245-748
USP MCCREARY
P.O. BOX 3000
PINE KNOT, KY. 42635

FILED UNDER TITLE
( 28 U.S.C. 1746)

TY GEAS # 05245-748
UNITED STATES PENITIARY MCCREARY
P.O. BOX 3000
PINE KNOT, KY. 42635

USMS
SDNY

TO: THE CLERK OF
UNITED STATES
SOUTHERN DIST
500 PEARL
NEW YORK,

(THE HONORABLE JUDG

7-16-20)

FILED/MAILED PURSUANT TO:
Houston v. Lack, 487 U.S. 266, 271-72,
108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)

LEGAL MAIL

MAILED ON: 7-16-20

United States Penitentiary, **McCreary**
Pine Knot, KY 42635
Date: 7-17-20

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another address, please return the enclosure to the above address.